CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 0 6 2007
JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE A. ANDREWS, ) | |
|     Petitioner, ) | Civil Action No. 7:07-cv-00328 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHRIS WEBB, ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

Petitioner Andre A. Andrews, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Andrews is challenging the Virginia Parole Board's decision to revoke his mandatory parole and to require him to serve the remaining time left on his convictions and sentences. The court finds that Andrews has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

I.

On June 20, 1994, Andrews was convicted by a jury in the Lynchburg Circuit Court of malicious wounding and use of a firearm and was sentenced to 13 years incarceration. Thereafter, on August 8, 1994, Andrews pled guilty to possession of a firearm after being a convicted felon and was sentenced to four years imprisonment. Andrews did not appeal either conviction. During his incarceration, Andrews states that he earned good conduct allowance credits and thereby shortened his term of incarceration. Andrews claims that he "did not lose the earned credits . . . before his release . . . ." Andrews was released from Coffeewood Correctional Center on mandatory parole on July 12, 2004. He claims that his "date to discharge from parole was sometime in the year of 2005." Andrews states that on January 8, 2007, he received a notice indicating that he had violated parole by failing to meet with his parole officer. Andrews argues that while he was incarcerated, the Virginia Parole Board adopted and amended an "administrative policy . . . that states [that] any person who violated the condi[]tions of parole shall forfeit all earned good conduct allow[a]nce

credits and [shall be] ordered to serve that and remaining time left of [his] sentence [that he was] released from incarceration on."[1] Andrews alleges that the revocation of his mandatory parole and violates his constitutional rights.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, Andrews concedes that he has not presented his claim to the Supreme Court of Virginia as required. Accordingly, the court dismisses Andrews' petition for failure to exhaust state court remedies.

## III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 6th day of July, 2007.

_____
United States District Judge

---

[1] It appears that Andrews may be referring to Va. Code § 53.1-159 which was amended in 1994 by the Virginia Assembly. The 1994 amendment states that a parole violator's "final discharge [from prison] may be extended to require the prisoner to serve the full portion of the term imposed by the sentencing court which was unexpired when the prisoner was released on parole. See Va. Code § 53.1-159.